UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| United States of America | |
| v. | Crim. No. 2:15-cr-174-2 |
| Jonathan Zampieri | |

### REPORT AND RECOMMENDATION
(Docs. 391, 395)

Jonathan Zampieri, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 requesting that the Court vacate his sentence and conduct a resentencing because his Sentencing Guidelines range was calculated using a criminal history score that included a now-expunged conviction from 2008 for marijuana possession. According to Mr. Zampieri, his sentence was based in part on a higher criminal history score that included the marijuana conviction, and therefore his sentence gives rise to a "fundamental defect" that "inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).[1] The government opposes Mr. Zampieri's motion, contending that the sentence did not result in a miscarriage of justice because Mr. Zampieri's criminal history score without the marijuana conviction does not change his advisory Guidelines range. The government further argues that the Court ultimately imposed a sentence that was 130 months below the low end of the advisory Guidelines range, which it contends fatally undermines any claim that the sentence resulted in a complete miscarriage of justice.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Mr. Zampieri also requests that the Court appoint counsel to represent him in this § 2255 Motion. (Doc. 395.) The government opposes this motion. (Doc. 396.)

For the reasons explained below, I recommend that Mr. Zampieri's § 2255 Motion (Doc. 391) be DENIED. I also recommend that Mr. Zampieri's Motion for Appointment of Counsel (Doc. 395) be DENIED.

### Factual and Procedural Background

In February 2017, Mr. Zampieri pleaded guilty to one count of Conspiracy to Commit Hobbs Act Robbery and one count of Arson Causing Death and Serious Bodily Injury. (Presentence Report (PSR) at 3–4, ¶¶ 6, 9.)

At sentencing, the Court found that the PSR correctly calculated the applicable Sentencing Guidelines range. (Doc. 397-1 at 13:2–17:10.) Mr. Zampieri's combined adjusted offense level was 43, and, after a three-level reduction for acceptance of responsibility, the total offense level was 40. (PSR at 14–15, ¶¶ 72–78.) Mr. Zampieri received 13 criminal history points, placing him in Criminal History Category ("CHC") VI. (*Id.* at 18, ¶¶ 90–91.) One of Mr. Zampieri's Criminal History points derived from a 2008 conviction for possession of less than two ounces of marijuana. (*Id.* at 16, ¶ 85.) With a total offense level of 40 and in CHC VI, the Guidelines imprisonment range was 360 months–life. (*Id.* at 24, ¶ 136.)

After considering the advisory Guidelines range and the sentencing factors set forth at 18 U.S.C. § 3553(a), the Court sentenced Mr. Zampieri to 230 months of imprisonment, finding the sentence to be "sufficient, but not greater than necessary . . . to keep [Mr. Zampieri] on track and to protect the public from future crimes by [him]." (Doc. 397-1 at 22:9–13.) Mr. Zampieri did not appeal his conviction or sentence. (Doc. 391 at 4, ¶ 12(b).)

The Vermont Superior Court ordered the expungement of Mr. Zampieri's marijuana conviction on September 8, 2022. (Doc. 391-3.) On August 29, 2023, this Court docketed

Mr. Zampieri's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 391.) According to Mr. Zampieri, he was assessed one criminal history point for his marijuana conviction and sentenced at CHC VI. (Doc. 391-1.) Without the expunged marijuana conviction, Mr. Zampieri would have been in CHC V. He contends that this CHC adjustment amounts to a fundamental defect in sentencing that resulted in a complete miscarriage of justice. (Doc. 399 at 1.) Therefore, Mr. Zampieri asks the Court to vacate his sentence and resentence him. (*Id.*)

## Analysis

A prisoner serving a sentence imposed by a federal court may seek to correct his sentence if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States"; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, "the scope of review on a § 2255 motion should be narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *See Graziano v. United States*, 83 F.3d 587, 590 (2d. Cir. 1996). Relief may be granted "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). It is the movant's burden to demonstrate his entitlement to relief under § 2255 based on an alleged "complete miscarriage of justice." *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

**I.   Mr. Zampieri has not shown that his sentence constitutes a fundamental miscarriage of justice.**

The vacatur of an underlying conviction does not by itself render the continued imposition of a sentence unlawful. *See United States v. Hoskins*, 905 F.3d 97, 103 (2d Cir. 2018). "[C]laims regarding a sentencing court's error in failing to properly apply the Sentencing

3

Guidelines are neither constitutional nor jurisdictional," and thus "absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal."[2] *Graziano*, 83 F.3d at 590. An error of law or fact in conviction or sentencing does not provide a basis for collateral attack unless it is "a fundamental defect" that "inherently results in a complete miscarriage of justice," *see Addonizio*, 442 U.S. at 185–86, a standard that the Second Circuit describes as a "high bar." *Hoskins*, 905 F.3d at 103.

"[I]n sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." *Sun Bear v. United States*, 644 F.3d 700, 706 (8th Cir. 2011) (citing *Addonizio*, 442 U.S. at 184).

As Mr. Zampieri was convicted of Arson with Death Resulting carrying a statutory maximum penalty of life imprisonment, *see* 18 U.S.C. § 844(i), and Conspiracy to Violate the Hobbs Act carrying a statutory maximum penalty of 20 years' imprisonment, *see* 18 U.S.C. § 1951(a), his 230-month sentence is not in excess of that permitted by law. *See Sun Bear*, 644 F.3d at 706.

Under similar circumstances, this Court has previously declined to find a miscarriage of justice where a defendant collaterally challenged his sentence after vacatur of a marijuana possession conviction. *United States v. Harris*, Civil Action No. 2:12-cr-65-wks-1, 2020 WL 9218959 (D. Vt. Nov. 3, 2020), *report and recommendation adopted*, 2021 WL 1516049 (D. Vt. Apr. 16, 2021). A jury convicted Harris of five counts related to distribution of heroin and cocaine. *Id.* at *1. The Court sentenced Harris to 151 months' imprisonment. *Id.* at *2. Following

---

[2] The Court recognizes that the Vermont Superior Court vacated Mr. Zampieri's marijuana conviction in 2022, which was several years after the time to appeal his federal sentence had expired. Therefore, the Court does not find his claim procedurally barred for failure to appeal and addresses his claim under the "miscarriage of justice" standard.

a retroactive amendment to the Sentencing Guidelines, the Court resentenced Harris to 135 months in prison. *Id.*

After Harris's resentencing, the State of New York enacted a law decriminalizing possession of small amounts of marijuana and expunging or vacating prior marijuana possession convictions. *Id.* at *3. As a result, Harris's prior conviction for possession of marijuana was vacated. Harris then collaterally challenged his sentence under § 2255. *Id.* Without the marijuana conviction, Harris was assessed six criminal history points—reducing his CHC from IV to III—and his Guidelines range corresponded to 121–151 months.[3] *Id.* Harris contended that he should be resentenced because the omission of his prior marijuana conviction "would have reasonably resulted in a less harsh sentence." *Id.* at *3.

This Court disagreed, identifying several reasons that resentencing was not warranted based on a miscarriage of justice. First, the Court found that the one criminal history point assessed for Harris's marijuana conviction "had no role in the determination of Harris's ultimate sentence." *Id.* at *6. Second, Harris's sentence of 135 months fell comfortably within the Guidelines range of 121-151 months even after removal of the marijuana conviction. This fact made it "particularly difficult for him to show that such a sentence manifests a complete miscarriage of justice." *Id.* (quoting *Hoskins*, 905 F.3d at 104).

Mr. Zampieri's claim is similarly without merit. His advisory Guidelines range of 360 months to life remains the same even after the adjustment from CHC VI to CHC V due to the expungement of the marijuana conviction. (Doc. 397 at 10); *cf. United States v. Anderson*, Civil Action No. 5:11-cr-158-1, 2020 WL 2847525, at *5 ("Defendant thus fails to establish [a marijuana conviction's] inclusion creates a manifest injustice because . . . deducting those two points does not change Defendant's CHC or his advisory Guidelines range . . . .").

---

[3] Harris incorrectly calculated his Guidelines range as 120–134 months. *Id.* at *6.

5

Moreover, the Court sentenced Mr. Zampieri to 230 months, which was 130 months less than the low end of the Guidelines range calculated without the marijuana conviction. (Doc. 391 at 1.) In other words, Mr. Zampieri is serving a sentence that is over ten years less than the low end of the advisory Guidelines range calculated without the marijuana conviction. This fact makes it particularly difficult for Mr. Zampieri to show a miscarriage of justice—the Court varied substantially from the Guidelines range at sentencing, and the exclusion of the expunged conviction would not have altered the Guidelines range. *Cf. Hoskins*, 905 F.3d at 104 ("In these circumstances, the vacatur of a state conviction that supported a career offender Guidelines calculation that was *not* applied is insufficient, by itself, to show that the below-Guidelines . . . sentence manifests a complete miscarriage of justice.").

Similar to *Harris* and *Anderson*, the record in this case does not reflect that Mr. Zampieri's marijuana possession conviction was a determinative factor in his sentence. *See Harris*, 2020 WL 9218959, at *6 ("[I]t is clear that inclusion of the marijuana conviction had no role in the determination of [movant's] ultimate sentence."); *Anderson*, 2020 WL 2847525, at *4–5 (finding that marijuana conviction did not change the petitioner's CHC and petitioner did not establish that the conviction, which the court did not specifically address at the sentencing hearing, impacted the court's consideration of the § 3553(a) sentencing factors). In considering the § 3553(a) factors, Judge Reiss did comment generally on Mr. Zampieri's criminal history category:

> The Court looks at the nature and circumstances of the crime, your history and characteristics, the need for the sentence imposed, the kind of sentences available, the need to avoid unwarranted sentencing disparities between defendants with similar criminal histories [who have committed] similar crimes. So you should not get a sentence that is substantially more lenient or more harsh than somebody else who did this in criminal history category six unless there's a reason for it.
>
> . . . .

6

> Your history and characteristics. You are in our highest criminal history category. It doesn't get any higher. . . . [Your codefendant] is also in criminal history category six, but he doesn't have the assaultive record that you do.
>
> . . . .
>
> So the issue is whether there should be any further adjustment to your sentence, and the Court finds that a minor further adjustment should be made primarily to distinguish your behavior from [your codefendant's], both after the offense and while incarcerated.

(Doc. 397-1 at 17:18–18:2, 21:2–4, 9–11, 22:4–8.)

Nevertheless, resentencing is not warranted on this record. While the Court did reference Mr. Zampieri's CHC VI designation at sentencing, it did not specifically address the now-vacated marijuana conviction itself. *See Morales v. United States*, No. 09 Civ. 4394(WHP), 2011 WL 3423937, at *3 (S.D.N.Y. Aug. 3, 2011) ("[T]his Court did not place substantial weight on [movant's] marijuana conviction in determining his sentence."). And there is no indication in the record that the Court would have imposed a different sentence if Mr. Zampieri's CHC had been V rather than VI—particularly when CHC V corresponded to the same recommended Guidelines range as CHC VI for the offenses of conviction. "The Second Circuit has noted that when [the] dispute at issue has no bearing on the determination of the sentence duration, district courts need not rule on disputes concerning the appropriate criminal history category." *Almanzar-Duran v. United States*, No. 00 Civ. 407(RCC), 2005 WL 1639421, at *6 (S.D.N.Y. July 11, 2005) (quoting *United States v. Borrego*, 388 F.3d 66, 69 (2d. Cir. 2004)). Mr. Zampieri has not shown that CHC V would have "altered this Court's judgment that a below-guideline sentence . . . was appropriate given the specific facts of this case." *Morales*, 2011 WL 3423937 at *3. Mr. Zampieri's sentence simply did not result in a miscarriage of justice given that it was over ten years below the advisory Guidelines range calculated without the marijuana possession conviction. *Cf. Hoskins*, 905 at 104 (observing that Defendant's sentence that "falls in the middle

of the Guidelines range applicable to him without [the inapplicable] enhancement" made it "particularly difficult for him to show that such a sentence manifests a complete miscarriage of justice").

In an effort to show that the vacated marijuana conviction materially affected his Guidelines range, Mr. Zampieri argues that he was "sentenced at an offense level 32" rather than offense level 40. (Doc. 399 at 1.) Mr. Zampieri notes that at offense level 32, there is a twenty-two-month difference in the low end of the Guidelines ranges between CHC V and CHC VI. (*Id.*) However, the premise of Mr. Zampieri's argument is not true. The PSR concluded that Mr. Zampieri's total offense level was 40 and his CHC was VI. (PSR at 15, ¶ 78.) Applying an offense level of 40 and a CHC of VI, the Court determined the advisory Guidelines range to be 360 months to life. (Doc. 397-1 at 17:5–10.) The Court varied under 18 U.S.C. § 3553(a) to sentence Mr. Zampieri well below his advisory Guidelines range. The fact that Mr. Zampieri's sentence happens to fall within the recommended range for offense level 32/CHC VI does not mean he was "sentenced at offense level 32."[4] Mr. Zampieri has not demonstrated that there was a fundamental defect in his sentencing that resulted in a complete miscarriage of justice.

---

[4] The record is clear that, after consideration of the § 3553(a) factors, Judge Reiss determined that "a sentence of 230 months [was] a sufficient, but not greater than necessary, sentence . . . ." (Doc. 397-1 at 22:9-11.) There is no indication in the record that the marijuana possession conviction played any part in the determination of the sentence imposed. Consequently, there is no reason to conclude that the expungement of the marijuana possession conviction would alter the sentence imposed.

As Mr. Zampieri notes, his sentence of 230 months does fall within the recommended range for Offense Level 32/CHC VI. But the sentence also falls within the sentencing range prescribed for Offense Level 32/CHC V, which he contends is the appropriate range for the requested resentencing. Therefore, there is no principled basis to conclude that an adjustment in the CHC from VI to V would have resulted in a different sentence. Mr. Zampieri assumes that because the sentence he received was 20 months above the low end of the Guidelines range for Offense Level 32/CHC VI (230 months), he would again receive a sentence 20 months above the low end of the Guidelines range for Offense Level 32/CHC V (208 months) (Doc. 399 at 1.) Because there is no record evidence that the Court arrived at the 230-month sentence through the arithmetic Mr. Zampieri assumes, there is also no reason to conclude that similar arithmetic would be applied to arrive at the 208-month sentence he speculates he might receive at resentencing. The fact remains that the sentence he received was over a decade below the low end of the applicable Guidelines range. In this circumstance, Mr. Zampieri cannot show a fundamental defect in sentencing that inherently resulted in a complete miscarriage of justice. *Addonizio*, 442 U.S. at 185.

Therefore, I recommend that Mr. Zampieri's collateral challenge to his federal sentence be denied.

## II.     Because Mr. Zampieri's unmeritorious claim does not warrant an evidentiary hearing, the Motion for Appointment of Counsel should be denied.

Mr. Zampieri requests that the Court appoint counsel to represent him in his § 2255 motion. (Doc. 395.) As an initial matter, a movant does not have a right to counsel in a § 2255 case. *See, e.g.*, *Nappy v. United States*, Nos. 13 CV 5888(CM), 94 CR 656(LMM), 2013 WL 6405171, at *1 (S.D.N.Y. Dec. 5, 2013) ("Although a motion made pursuant to 28 U.S.C. § 2255 attacks a sentence imposed in a criminal proceeding, the adjudication of the motion is an independent civil proceeding. Consequently, [a movant] has no constitutional right to appointed counsel."). The Court retains discretion to appoint counsel in § 2255 cases. *Id.*

Rule 8 of the Rules Governing Section 2255 Proceedings requires the judge to determine whether an evidentiary hearing is warranted. If the judge concludes that an evidentiary hearing is warranted, the judge must appoint an attorney to represent an indigent defendant in a habeas matter. *Bautista v. United States*, No. 02 Civ. 3358(JSR)(KN., 2003 WL 131699, at *1 (S.D.N.Y. Jan. 14, 2003). When no hearing is required, the appointment of counsel is not warranted. *Id.*

For the reasons explained above, the Motion and other files and records in this case "conclusively show that [Mr. Zampieri] is entitled to no relief." *See* 28 U.S.C. § 2255(b). I recommend that an evidentiary hearing on the motion is not warranted. *Id.*

Consequently, I recommend that Mr. Zampieri's Motion for Appointment of Counsel (Doc. 395) be DENIED.

## Conclusion

For the above reasons, I recommend that Mr. Zampieri's § 2255 Motion (Doc. 391) and Motion for Appointment of Counsel (Doc. 395) be DENIED.

I further recommend that the Court decline to issue a certificate of appealability because Mr. Zampieri has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a movant meets this burden by demonstrating that "reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented [a]re adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Zampieri has not satisfied this burden.

Dated at Burlington, in the District of Vermont, this 21st day of October 2024.

/s/ Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).